CV 12 - 1750

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SUMMONS ISSUED

| | |
|---|---|
| PATRICK SAUNDERS | Case No. _____ |
| Plaintiff, | |
| vs. | COMPLAINT |
| NCO FINANCIAL SYSTEMS, INC. | COGAN, J. Trial Demanded |
| Defendant. | |

**NATURE OF ACTION**

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this district, where Plaintiff resides in this State and this district, and where Defendant transacts business in this State and this district.

**PARTIES**

4. Plaintiff, Patrick Saunders ("Plaintiff"), is a natural person who at all relevant times resided in the State of New York, County of New York, and City of Brooklyn.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, NCO Financial Systems, Inc. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Within one (1) year preceding the date of this Complaint, Defendant made and/or placed a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

12. Within one (1) year preceding the date of this Complaint, Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number, in effort to collect from

Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

13. In connection with the collection of an alleged debt in default, Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone on, including but not limited to, the following dates and times:

    a. December 15, 2010 at 9:46 A.M.

    b. December 15, 2010 at 2:36 P.M.

    c. December 22, 2010 at 3:46 P.M.

    d. January 6, 2011 at 12:12 P.M.

    e. January 13, 2011 at 11:58 A.M.

    f. January 19, 2011 at 12:13 P.M.

    g. January 24, 2011 at 11:54 A.M.

    h. January 28, 2011 at 11:48 A.M.

    i. February 2, 2011 at 12:42 P.M.

    j. March 16, 2011 at an unknown time

    k. March 16, 2011 at an unknown time (a second call)

    l. April 7, 2011 at 1:13 P.M.

    m. April 7, 2011 at 11:01 A.M.

    n. April 12, 2011 at 9:45 A.M.

    o. April 12, 2011 at 2:47 P.M.

    p. April 20, 2011 at 12:57 P.M.

    q. April 29, 2011 at 2:04 P.M.

    r. May 5, 2011 at 11:04 A.M.

    s. May 11, 2011 at 11:20 A.M.

    t. May 17, 2011 at 11:53 A.M.

    u. May 23, 2011 at 4:54 P.M.

    v. June 6, 2011 at 10:16 A.M.

    w. June 20, 2011 at 10:12 A.M.

    x. June 23, 2011 at 9:33 A.M.

    y. June 29, 2011 at 10:40 A.M.

    z. June 29, 2011 at 2:09 P.M.

    aa. July 12, 2011 at 3:59 P.M.

    bb. July 14, 2011 at 10:13 A.M.

    cc. July 27, 2011 at 11:44 A.M.

    dd. August 2, 2011 at 3:27 P.M.

    ee. August 4, 2011 at 12:04 P.M.

    ff. August 9, 2011 at 1:103 P.M.

    gg. August 16, 2011 at 10:51 A.M.

    hh. August 30, 2011 at 2:22 P.M.

    ii. September 13, 2011 at 12:38 P.M.

    jj. October 17, 2011 at 11:53 A.M.

14.   On no less than one occasion, Defendant telephoned Plaintiff and left the following pre-recorded voicemail message:

> "This is a message from NCO Financial Systems, a debt collection company. This is an attempt to collect a debt, and any information obtained will be used for that purpose. Please return the call to Anthony Davis at 1-800-956-4638. Again that's Anthony Davis at 1-800-956-4638. Thank you. NCO Financial Systems is a debt collection company. This is

an attempt to collect a debt and any information obtained will be used for that purpose."

15. Plaintiff sent Defendant correspondence dated March 16, 2011 disputing the alleged debt and demanding Defendant cease and desist calling Plaintiff's cellular telephone, as such calls are inconvenient.

16. Plaintiff's March 16, 2011 correspondence was received by Defendant on April 14, 2011 at 9:49 A.M.

17. Despite receipt of Plaintiff's demand to cease and desist, Defendant telephoned Plaintiff's cellular telephone, including but not limited to, the calls referenced in paragraph 13(p)-(jj).

18. In response to Plaintiff's March 16, 2011 correspondence, Defendant sent Plaintiff written correspondence dated April 22, 2011, requesting additional information from Plaintiff.

19. In response to Defendant's April 22, 2011 correspondence, Plaintiff sent Defendant written correspondence dated April 27, 2011, asserting that Plaintiff had never received written correspondence from Defendant prior to the April 22, 2011 correspondence, providing additional dates and time at which Plaintiff had received calls from Defendant, and again demanding Defendant cease and desist all telephone calls to Plaintiff.

20. Plaintiff's April 27, 2011 correspondence was received by Defendant on May 2, 2011 at 9:02 A.M.

21. Despite receive of Plaintiff's April 27, 2011 correspondence again demanding Defendant cease and desist placement of telephone calls to Plaintiff,

Defendant telephoned Plaintiff's cellular telephone, including but not limited to, the calls referenced in paragraph 13(r)-(jj).

22. In response to Defendant's repeated telephone calls, Plaintiff telephoned Defendant on April 7, 2011 at 1:14 P.M., April 20, 2011 at 1:00 P.M., and May 23, 2011 at 5:00 P.M.

23. During no less than one of the above conversations, Defendant advised that Plaintiff incurred the alleged debt as a result of using Public Access to Court Electronic Records (PACER).

24. When Plaintiff advised that, aside from the April 22, 2011 correspondence, he had received no written communication from Defendant, Defendant advised that initial correspondence had been sent to an address in Maryland.

25. Upon information and good faith belief, Defendant sent its initial correspondence to Plaintiff's parents' address in Maryland.

26. Despite Defendant's knowledge that Plaintiff did not receive its initial correspondence containing the disclosures required by 15 U.S.C. § 1692g(a) *et seq.*, Defendant failed to send such correspondence to Plaintiff's current address or otherwise provide Plaintiff with such information within 5 days of its initial communication with Plaintiff.

27. Defendant willfully and knowingly placed multiple non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice, including, but not limited to, the thirty-six (36) above referenced calls. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's

behavior, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692g(a)

28. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 27.

29. Defendant violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with the disclosures required by 15 U.S.C. § 1692g(a) *et seq.* within 5 days of its initial communication with Plaintiff or at any time after knowledge that any such disclosures were sent to an improper address.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692c(a)(1)

30. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 27.

Defendant violated 15 U.S.C. § 1692c(a)(1) by calling Plaintiff's cellular telephone despite knowledge that such calls were inconvenient.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(10)

31. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 27.

32. Defendant violated 15 U.S.C. § 1692e(10) by using false representations and/or deceptive means to collect an alleged debt when continuing to call Plaintiff's

cellular telephone despite receipt of written correspondence from Plaintiff demanding that Defendant cease and desist placement of all telephone calls to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

33. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 27.

34. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## TRIAL BY JURY

35. Plaintiff is entitled to and hereby demands a trial by jury.

This 5th day of April, 2012.

ATTORNEYS FOR PLAINTIFF
*Patrick Saunders*

Respectfully submitted,

Dennis R. Kurz
NY Bar No. 4570453
**Weisberg & Meyers, LLC**
Attorneys for Plaintiff
300 International Drive, Suite 100
Williamsville
Buffalo, NY 14221
(888) 595-9111 ext. 412
(866) 842-3303 (fax)
dkurz@attorneysforconsumers.com

**Weisberg & Meyers, LLC**
80 Broad Street, 5th Floor
New York, NY 10004

*Please send correspondence to the address below*

Dennis R. Kurz
NY Bar No. 4570453
**Weisberg & Meyers, LLC**

Attorneys for Plaintiff
5025 N. Central Ave. #602
Phoenix, AZ 85012