# Weisberg & Meyers, LLC
### ATTORNEYS FOR CONSUMERS
(please direct mail to our corporate office in phoenix)
5025 North Central Ave, #602
Phoenix, Arizona 85012
www.AttorneysForConsumers.com
Toll Free Nationwide 1-888-595-9111
866-565-1327 Facsimile

| | |
|---|---|
| extension: 412<br>E-mail: DKurz@AttorneysForConsumers.com | Writer licensed in:<br>New York; Texas<br>Georgia, New Jersey and Washington |

May 21, 2012

**Filed electronically via the Court's CM/ECF system**

Hon. Brian M. Cogan
U.S. District Court
225 Cadman Plaza East
Brooklyn NY 11201

    RE:    Patrick Saunders v. NCO Financial Systems, Inc.
             Case No. 1:12-cv-01750-BMC

Dear Judge Cogan:

    Counsel for Plaintiff Patrick Saunders ("Plaintiff") and Defendant NCO Financial Systems, Inc. ("Defendant") submit this Joint letter with a brief description of the case.

**I.    Jurisdiction.**

    This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.  This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).  Venue is proper before this Court pursuant to 28 U.S.C. §1391(b).

**II.    Plaintiff's Claims.**

    Plaintiff is a natural person who at all relevant times resided in the State of New York, County of New York, and City of Brooklyn.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3). Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5). Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

    In an attempt to collect an alleged debt, Defendant willfully and knowingly made and/or placed no less than thirty-six (36) telephone calls to Plaintiff's cellular telephone number utilizing an automatic telephone dialing system and/or an artificial or pre-recorded voice.  On no less than one occasion, Defendant left the following pre-recorded voicemail message:

> "This is a message from NCO Financial Systems, a debt collection company. This is an attempt to collect a debt, and any information obtained will be used for that purpose. Please return the call to Anthony Davis at 1-800-956-4638. Again that's Anthony Davis at 1-800-956-4638. Thank you. NCO Financial Systems is a debt

collection company. This is an attempt to collect a debt and any information obtained will be used for that purpose."

Plaintiff sent Defendant correspondence dated March 16, 2011 disputing the alleged debt and demanding Defendant cease and desist calling Plaintiff's cellular telephone, as such calls are inconvenient. Plaintiff's March 16, 2011 correspondence was received by Defendant on April 14, 2011 at 9:49 A.M. Despite receipt of Plaintiff's demand to cease and desist, Defendant continued telephoning Plaintiff's cellular telephone.

In response to Plaintiff's March 16, 2011 correspondence, Defendant sent Plaintiff written correspondence dated April 22, 2011, requesting additional information from Plaintiff. Subsequently, Plaintiff sent Defendant written correspondence dated April 27, 2011, asserting that Plaintiff had never received written correspondence from Defendant prior to the April 22, 2011 correspondence, providing additional dates and time at which Plaintiff had received calls from Defendant, and again demanding Defendant cease and desist all telephone calls to Plaintiff. Plaintiff's April 27, 2011 correspondence was received by Defendant on May 2, 2011 at 9:02 A.M. Despite receive of Plaintiff's April 27, 2011 correspondence again demanding Defendant cease and desist placement of telephone calls to Plaintiff, Defendant continued telephoning Plaintiff's cellular telephone.

In response to Defendant's repeated telephone calls, Plaintiff telephoned Defendant on April 7, 2011 at 1:14 P.M., April 20, 2011 at 1:00 P.M., and May 23, 2011 at 5:00 P.M. During no less than one of the above conversations, Defendant advised that Plaintiff incurred the alleged debt as a result of using Public Access to Court Electronic Records (PACER). When Plaintiff advised that, aside from the April 22, 2011 correspondence, he had received no written communication from Defendant, Defendant advised that initial correspondence had been sent to an address in Maryland. Upon information and good faith belief, Defendant sent its initial correspondence to Plaintiff's parents' address in Maryland. Despite Defendant's knowledge that Plaintiff did not receive its initial correspondence containing the disclosures required by 15 U.S.C. § 1692g(a) *et seq.*, Defendant failed to send such correspondence to Plaintiff's current address or otherwise provide Plaintiff with such information within 5 days of its initial communication with Plaintiff.

Defendant violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with the disclosures required by 15 U.S.C. § 1692g(a) *et seq.* within 5 days of its initial communication with Plaintiff or at any time after knowledge that any such disclosures were sent to an improper address. Defendant violated 15 U.S.C. § 1692c(a)(1) by calling Plaintiff's cellular telephone despite knowledge that such calls were inconvenient. Defendant violated 15 U.S.C. § 1692e(10) by using false representations and/or deceptive means to collect an alleged debt when continuing to call Plaintiff's cellular telephone despite receipt of written correspondence from Plaintiff demanding that Defendant cease and desist placement of all telephone calls to Plaintiff. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number.

III.   **Defendant's Defenses.**

Defendant NCO denies that it committed the violations attributed to it and that it violated the FDCPA and TCPA. NCO states further that if a violation of the FDCPA occurred as alleged by plaintiff, NCO is not liable for such putative violation pursuant to 15 U.S.C. § 1692k(c) as any such violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of

procedures reasonably adapted to avoid such an error.  NCO also denies that Plaintiff sustained any actual damages.  Finally, NCO contends it had consent to call plaintiff, which consent is a defense under the TCPA.

IV.     **Contemplated Motions.**

Plaintiff contemplates requesting leave to file an Amended Complaint to add any additional parties revealed through discovery.  Following completion of discovery, the parties contemplate filing Motions for Summary Judgment.

Best regards,

*/s/Dennis R. Kurz*
Dennis R. Kurz
NY Bar No. 4570453
Weisberg & Meyers, LLC
5025 N. Central Ave. #602
Phoenix, AZ 85012
(888) 595-9111 ext. 412
(866) 842-3303 (fax)
dkurz@attorneysforconsumers.com
Attorneys for Plaintiff
Patrick Saunders

/s/ Aaron R. Easley
Aaron R. Easley, Esq. (ae9922)
SESSIONS, FISHMAN, NATHAN &ISRAEL, L.L.C.
200 Route 31 North, Suite 203
Flemington, NJ 08822
Telephone No.: (908) 751-5940
Facsimile No.: (908) 751-5944
aeasley@sessions-law.biz
Attorneys for Defendant
NCO Financial Systems, Inc.