# Weisberg & Meyers, LLC
## Attorneys for Consumers
(please direct mail to our corporate office in phoenix)
5025 North Central Ave, #602
Phoenix, Arizona 85012
www.AttorneysForConsumers.com
Toll Free Nationwide 1-888-595-9111
866-565-1327 Facsimile

extension: 412                                               Writer licensed in:
E-mail: DKurz@AttorneysForConsumers.com                      New York; Texas
                                                             Georgia, New Jersey and
                                                             Washington

June 13, 2012

Filed via the Court's CM/ECF system

Hon. Brian M. Cogan
U.S. District Court
225 Cadman Plaza East
Brooklyn NY 11201

    RE:    Patrick Saunders v. NCO Financial Systems, Inc.
              Case No. 1:12-cv-01750-BMC

Dear Judge Cogan:

      Please be advised that I represent Plaintiff, Patrick Saunders ("Plaintiff"), in this action. Per Individual Rule III(A), Plaintiff submits this letter to set forth the basis for his anticipated Motion to Strike Affirmative Defenses and request a pre-motion conference with the Court. Prior to filing this letter request, I, Dennis Kurz, spoke with Ross Enders, counsel for Defendant, NCO Financial Systems, Inc. ("Defendant"), who agreed to review Plaintiff's position on Defendant's affirmative defenses and advise whether Defendant intends to withdraw any defenses. Subsequently, counsel for Palintiff sent an email explaining why Defendant's affirmative defenses should be withdrawn and/or stricken. As of the filing of this letter, counsel for Defendant has not responded.

      On April 10, 2012, Plaintiff filed his complaint against Defendant, alleging violations the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. On May 23, 2012, Defendant filed its Answer asserting fourteen (14) affirmative defenses. Defendant's affirmative defenses are legally insufficient, inadequately pleaded, redundant, and/or immaterial.

      Rule 12(f) of the Federal Rules of Civil Procedure provides that, on motion of a party, the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). The *Twombly* plausibility standard applies with equal force to a motion to strike an affirmative defense under Rule 12(f). *Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*, 531 F.Supp.2d 620, 622 (S.D.N.Y.2008).

Conclusory assertions, absent any supporting factual allegations, are insufficient as a matter of law and fail to provide Plaintiff with any notice as to how the defense applies to his claims. *See Obabueki v. Int'l Bus. Machs. Corp.*, 145 F.Supp.2d 371, 401 (S.D.N.Y. 2001). If a court determines that a defense is legally insufficient, the court must next determine whether inclusion of the defense would prejudice the plaintiff. Increased time and expense of trial constitute sufficient prejudice to warrant striking an affirmative defense. *See Estee Lauder, Inc. v. Origins Natural Res., Inc.*, 189 F.R.D. 269, 271 (S.D.N.Y.1999). Moreover, inclusion of a defense that must fail as a matter of law prejudices the plaintiff because it will needlessly increase the duration and expense of litigation. *See id.* (*quoting FDIC v. Ornstein*, 73 F.Supp.2d 277, 280 (E.D.N.Y.1999)).

Here, the Court should strike Defendant's affirmative defenses. Defendant's first, third, fifth, seventh, ninth, eleventh, and fourteenth affirmative defenses are nothing more than general denials of liability and are not affirmative defenses at all. Defendant's second affirmative defense baldly states the defense, yet fails to identify any facts upon which the defense are based. As such, they fail to satisfy the *Twombly* standard requiring fair notice. Defendant's fourth and thirteenth affirmative defenses fail as a matter of law. Lastly, Defendant's sixth, eighth, tenth, and twelfth affirmative defenses in inapplicable to Plaintiff's claims in this action.

The Second Circuit has held that "[a]ffirmative defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy." *Shechter v. Comptroller of New York*, 79 F.3d 265, 270 (2d Cir.1996). As such, it is well within the Court's power to allow Defendant to replead its affirmative defenses in order to provide Plaintiff with fair notice of the defenses bases. *See Aspex Eyewear*, 531 F.Supp.2d at 623. Therefore, Plaintiff's motion will request the Court strike Defendant's affirmative defenses either with prejudice, or without prejudice and require Defendant to adequately replead its defenses.

**In order to conserve resources and minimize billable attorney time, Plaintiff's counsel respectfully requests that the parties be permitted to appear at the pre-motion conference telephonically.** Thank you for your kind courtesies in this regard and please feel free to have any one of your staff contact me at the toll free phone number above with any questions or concerns regarding this request.

Best regards,

*Dennis R. Kurz*
*Signed Electronically*
Dennis R. Kurz
Attorney at Law

cc:   Defendant's Counsel, Aaron R. Easley, via **ECF filing**